UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————X

DARREN BREEDEN,

      Petitioner,      **MEMORANDUM & ORDER**

 -against-

                 06 CV 3860

ROBERT ERCOLE, Superintendent of
Green Haven Correctional Facility,

      Respondent.
———————————————————————X

DEARIE, Chief Judge:

On March 25, 1993, petitioner was convicted, as an accessory, of two counts of criminal possession of a weapon in the second degree in Kings County. Although petitioner was charged with murder, attempted murder, and assault, he was acquitted of those counts. On February 23, 2005, he filed a petition for a writ of habeas corpus attacking his conviction. This Court dismissed the petition as time-barred. Breeden v. Phillips, No. 05-CV-1248 (E.D.N.Y. August 15, 2005). While the appeal was pending, on August 1, 2006, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the same conviction. By Order dated August 22, 2006, the Court stayed the action until the United States Court of Appeals for the Second Circuit ruled on petitioner's appeal. By Mandate issued May 18, 2007, his appeal was dismissed with prejudice.[1] For the reasons set forth below, the instant petition is

---

[1] By mandate issued October 25, 2006, the Second Circuit dismissed the appeal without prejudice pending an order from this Court granting or denying a certificate of appealability. On November 16, 2006, this Court denied a certificate of appealability. Petitioner's appeal was reinstated by the Second Circuit on February 23, 2007, and petitioner was directed to comply with Second Circuit Local Rule 22(a) by filing a motion in support of the application for a certificate of appealability identifying the issues to be raised on appeal and demonstrating the denial of a constitutional right. Petitioner's request for a certificate of appealability was denied and dismissed with prejudice on May 18, 2007 because petitioner failed to comply with the local

1

now dismissed.

Because petitioner's first challenge to his conviction was on appeal at the time he filed the instant petition, the petition is not "second or successive" within the meaning of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). As the Second Circuit held in Whab v. United States, 408 F.3d 116, 118 (2d Cir. 2005), addressing the question of whether a petition is "second or successive" in the context of 28 U.S.C. § 2255, "so long as appellate proceedings following the district court's dismissal of the initial petition remain pending when a subsequent petition is filed, the subsequent petition does not come within AEDPA's gatekeeping provisions for 'second and successive' petitions." Nevertheless, as in Whab, because the Second Circuit ultimately denied a certificate of appealability, the two petitions will not be before this Court simultaneously. Id. Under Whab, this Court need not treat the instant petition as a motion to amend the prior petition but may take "whatever further action [it] finds appropriate." Id.

Petitioner does not reiterate or amplify the grounds he raised in his earlier petition for habeas relief. Rather, he claims "actual innocence" to excuse his failure to file within the one-year statue of limitations period. The Second Circuit has not decided whether an "actual innocence" claim, recognized as a "gateway claim" or means to overcome a procedural default and obtain federal court review, see Schlup v. Delo, 513 U.S. 298, 314-17 (1994), applies to toll AEDPA's limitations period. Doe v. Menefee, 391 F.3d 147, 161 (2d Cir. 2004). Instead, the Circuit has:

> instructed district courts faced with untimely petitions in which the petitioner asserts his or her actual innocence to determine, in each case, whether the petitioner has presented a credible claim of actual

rule.

> innocence before ruling on the legal issues of whether such a showing provides a basis for equitable tolling and whether the petitioner must also demonstrate that he or she pursued his or her claim with reasonable diligence.

Id. Generally, to demonstrate actual innocence, "a petitioner must present 'new reliable evidence that was not presented at trial' and 'show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" Lucidore v. New York State Div. of Parole, 209 F.3d 107, 114 (2d Cir. 2000) (quoting Schlup, 513 U.S. at 299, 327-28 (alteration in original)).

Petitioner's "actual innocence" claim, however, does not pertain to his weapon possession convictions. Instead, he argues that the state court improperly considered charges of which he had been acquitted in deciding to impose the sentence for those convictions consecutively to a 1992 Queens County sentence of 20 years to life for second-degree murder. Petitioner challenged his sentence on this ground in a motion pursuant to New York Criminal Procedure Law § 440.20, and the motion was denied. Pursuant to New York Penal Law § 70.25(1), a sentencing court has discretion to direct that the sentence it imposes run consecutively with any undischarged term of imprisonment imposed at a previous time. The § 440 court concluded, upon review of the sentencing minutes, that the sentence was based on petitioner's criminal background, not on charges for which he was acquitted, and that the sentencing court appropriately exercised its discretion.

The Second Circuit has recognized actual innocence as a gateway to overcome procedural default where a petitioner challenges the imposition of an enhanced penalty in the noncapital sentencing context. Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 171-72 (2d Cir. 2000). In such a case, the petitioner must demonstrate "by clear and convincing

evidence" that "he is actually innocent of the act on which his harsher sentence was based." Id. at 172. Because petitioner has failed to make the requisite "clear and convincing" showing, this Court need not rule on the question of whether such an actual innocence claim can provide a basis for tolling the statute of limitations.

When imposing petitioner's sentence, the court stated:

> [petitioner] was a member of a murderous gang, already serving one sentence for felony murder. He was clearly involved in the narcotics business in a substantial way. By his own admission, he was earning 5 to 10 thousand dollars a week selling drugs, cocaine and heroin, for a period of eight years, during which he was otherwise unemployed. Based on all the facts before me and the brutal nature of the crime which left one man dead and an innocent young girl crippled for life, it's the sentence of this Court on the convictions for Criminal Possession of a Weapon in the Second Degree . . . that the defendant be committed . . . for a period of not less than 5 and no more than 15 years and that the two sentences are to run consecutively to each other and consecutively to the sentence of 20 years to life imposed in Queens Supreme Court . . . .

Tr. 11-12. Further, in describing the crimes of conviction, the Appellate Division noted:

> The testimony of the [petitioner's] accomplices as well as the [petitioner's] videotaped statement establishes that [he] was aware of the plan to kill the deceased and that he played a role in the plan. [His] role was to act as a decoy in order to divert the attention of the deceased from the . . . accomplices so that they could get close to the deceased and shoot him. [He] admitted that he knew that his accomplices possessed guns and that the guns were for the specific and expressed purpose of shooting the deceased. The record establishes that [petitioner] asked to be allowed to play a more active role in the plan to kill the deceased but that he was refused.

People v. Breeden, 632 N.Y.S.2d 849, 850 (App. Div. 1995) (internal citation and quotation marks omitted). This Court agrees with the § 440 court that the sentencing court did not abuse its discretion. It is clear that the court's decision to run the weapon possession sentences consecutively to the sentence previously imposed for second-degree murder was not based on the

4

charges petitioner was acquitted of, but on petitioner's criminal history and the nature of the crimes for which he was being sentenced.

The petition is dismissed as time-barred. A certificate of appealability shall not issue. In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
November 7, 2007

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge